HOLLYWOOD BUILDING AND LOAN ASSOCIATION, PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 93878.    Promulgated June 26, 1940.

*Scott Carter*, *Esq.*, for the petitioner.
*E. A. Tonjes*, *Esq.*, for the respondent.

## OPINION.

HILL: The issue before us is whether the subordinate obligations outstanding against the realty described above were worthless during the taxable year and thus give basis to the deduction by petitioner, their owner, of appropriate amounts for bad debts.

Prior to a consideration of this issue we must dispose of the motion of the respondent for dismissal of so much of the petition as purports to relate to 1935. The basis for the motion is that the Commissioner has not determined a deficiency for 1935 but has only found an overassessment. In these circumstances we have repeatedly adhered to the position that the Board is without jurisdiction where no deficiency has been determined. *Marie Pederson*, 14 B. T. A.

1089; *American Bond & Mortgage Co.*, 15 B. T. A. 264. Accordingly the motion of the respondent to dismiss so much of the petition as purports to relate to the year 1935 is granted.

In support of its position on the principal issue here presented the petitioner has shown that the properties involved in the refinancing in each case had a value above the first mortgage indebtedness insufficient in the opinion of petitioner's witness to give any market value to the junior obligations. The petitioner argues further that the second mortgage debts were worthless for the additional reason that under California law they were not valid obligations.

We find it unnecessary to pass on petitioner's first contention. Whether or not the margins indicated in the table set out above were sufficient to give any value to the second mortgages, the petitioner has not shown that the debtors individually were unable to pay their obligations. The record contains some evidence of failure of the petitioner to make collections but does not establish the inability of the debtors to pay. In these circumstances we can not hold that the debts were worthless when charged off in 1934. See *Baxter D. Whitney & Son, Inc.*, 20 B. T. A. 380; *Frank B. Essex*, 21 B. T. A. 270. Cf. *Ardis & Co.*, 12 B. T. A. 679; *Waters F. Burrows*, 38 B. T. A. 236.

On his second argument we think petitioner must also fail. The case of *McAllister* v. *Drapeau*, 14 Cal. (2d) 102; 92 Pac. (2d) 911, has held, it is true as pointed out, in a situation similar to those here involved, that a second mortgage in the amount of the difference between the Home Owners' Loan Corporation bonds received and the face of the first mortgage, executed by the mortgagor, without the knowledge of the Home Owners' Loan Corporation, as the price of consent to the refinancing, is invalid as against public policy. See also *Woods* v. *Kern County Mutual Building & Loan Association*, 34 Cal. App. (2d) 468; 93 Pac. (2d) 837; *Adams Co.* v. *Pacific States' Savings & Loan Co.*, 34 Cal. App. (2d) 723; 94 Pac. (2d) 370.

These cases, however, leave open the question of the validity of such mortgages executed with the knowledge and consent of the Home Owners' Loan Corporation. In those instances where, as here, the Home Owners' Loan Corporation has knowledge of the second mortgages executed in the refinancing and follows a practice allowing them in a certain specified percentage of the bonds involved in each case, it can scarcely be said that these transactions cross public policy. See *McAllister* v. *Drapeau*, *supra*, p. 916; *Bay City Bank* v. *White*, 283 Mich. 267; 277 N. W. 888; *Sirman* v. *Sloss Realty Co.*, 129 S. W. (2d) 602 (Ark., 1939).

An additional reason for refusing to enforce the second mortgage debt assumed in *McAllister* v. *Drapeau*, *supra*, was assigned by the court there as resting on the terms of the refinancing agreement by

which the original debt was fully discharged.  This holding does not alter our conclusion here.  The debtors, whether or not released by the terms of the refinancing from the entire first mortgage debts, nevertheless agreed to pay the deficiencies.  Whether or not they offer or succeed with the defense of accord and satisfaction, the possible existence of this defense does not warrant us here in holding these debts worthless.  See *Leo Stein,* 4 B. T. A. 1016; *G. M. Standifer Construction Corporation,* 30 B. T. A. 184; *Alfred K. Nippert et al., Executors,* 32 B. T. A. 892, 897, and cases there cited.

*Decision will be entered for the respondent.*